IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RUSSELL MUIR,<br><br>    Defendant. | ORDER<br><br>Case No.  1:03CR162DAK |

   This matter is before the court on Defendant Russell Muir's Motion to Dismiss the Indictment.  A hearing on the motion was held on December 22, 2005.  At the hearing, the United States was represented by Trina Higgins, and Defendant was represented by Ronald Yengich.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the motion under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court enters the following Order.

   Defendant was charged with a domestic violence assault against his wife that occurred on March 21, 2002 in Ogden City, Utah.  On April 9, 2002, Defendant appeared in Second District Court in Weber County, State of Utah and pleaded guilty to assaulting his wife.  Defendant was given and signed a form explaining his rights, including his right to counsel, and was told by the court that he could have the opportunity to speak to an attorney or have one hired for him. Defendant was also told the name of the charge, the date, address, the elements of the charge, and

the name of the victim.

On September 28, 2003, law enforcement officers were called to Defendant's home for another domestic violence altercation with his wife. The officers located a shotgun in Defendant's possession. Defendant was indicted by the grand jury for violating 18 U.S.C. § 922(g)(9) which makes it a crime for a person "convicted in any court of a misdemeanor crime of domestic violence" to possess a firearm or ammunition.

On July 2, 2004, Defendant moved this court to dismiss the indictment against him on the grounds that (1) in order to satisfy the statutory requirements of § 922(g)(9), the predicate offense should have, but did not, contain the domestic relationship as an element of the crime and (2) that he did not knowingly and intelligently waive his right to counsel when he pleaded guilty to the predicate offense. At a hearing on the matter, this court denied Defendant's motion.

On October 1, 2004, Defendant moved this court to grant him permission to appeal the interlocutory order, which this court also denied. On October 12, 2004, Defendant filed a petition for post-conviction relief regarding his underlying domestic violence conviction in state court. On October 7, 2005, the state court granted Defendant's petition, set aside the conviction, and allowed him to withdraw his guilty plea. Defendant has now filed a second motion to dismiss the indictment. Since the filing of the instant motion, the Utah state court dismissed the underlying domestic violence charge against Defendant on December 2, 2005 upon motion by Defendant and stipulation of the Ogden City Prosecutor.

Defendant asserts that because the predicate conviction has been set aside and the case dismissed, it cannot serve as the underlying crime pursuant to § 922. Specifically, Defendant

contends that because he withdrew his guilty plea in state court, the underlying misdemeanor conviction is no longer valid. Defendant relies on 18 U.S.C. § 921(a)(33)(B)(ii), which provides that "[a] person shall not be considered to have been convicted of [a misdemeanor crime of domestic violence] for purposes of this chapter if the conviction has been expunged or set aside." The Government, however, argues that because Defendant had been convicted of a misdemeanor crime of domestic violence as defined by 18 U.S.C. § 921(a)(33) at the time he possessed the firearm, the withdrawal of his plea and dismissal of the state case does not affect the charges in the instant case. The court agrees with the Government.

It makes no difference that a conviction is eventually rendered void or null because the relevant issue is a defendant's legal status at the time of firearm possession. *Lewis v. United States*, 445 U.S. 55, 62-64 (1980) (holding that "the statutory prohibition [against firearm possession by convicted felons] applie[s] irrespective of whether that prior conviction [is] subject to collateral attack"); *United States v. Mayfield*, 810 F. 2d943, 944 (10th Cir. 1987) (holding that an invalid prior conviction may serve as the predicate offense for a federal firearms statute violation even if the conviction was rendered null and void after the defendant obtained the firearms at issue). As the Tenth Circuit explained in *Mayfield*,

> no conviction is void (or null) until the judicial process has declared it so. There is no question that Mayfield was convicted in the first place and while it is true that his conviction was finally rendered a nullity, it was not rendered so until after he allegedly obtained the firearms.

810 F.2d at 946 (internal quotation marks omitted).

Similarly, at the time Defendant possessed the firearm, he had been convicted of a

3

"misdemeanor crime of domestic violence" as defined by § 921.  18 U.S.C. § 921(a)(33)(A)(ii) (defining "misdemeanor crime of domestic violence" as "an offense that . . . has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse . . . of the victim. . . .").  Accordingly, because there is no question that at the time Defendant possessed the firearm, he had been convicted of a domestic violence assault, it remains the predicate offense for Defendant's federal firearms prosecution.

      Defendant also reasserts an argument that he made in his previous motion to dismiss.  Specifically, Defendant contends that because he was in fact convicted of Simple Assault rather than Domestic Battery, he could not have understood the nature of the charges against him and thus, he did not knowingly and voluntarily waive his right to counsel.  The court again denies Defendant's motion on this basis.

      To clarify the court's previous ruling, the court finds that Defendant knowingly and intelligently waived his right to counsel because he was informed "of the nature of the charges against him, of the right to be counseled regarding his plea, and the range of allowable punishments attendant upon the entry of a guilty plea."  *Iowa v. Tovar*, 541 U.S. 77, 81 (2004).  Specifically, Defendant signed a form that explained his rights, including his right to counsel, and the court informed Defendant that he could have the opportunity to speak to an attorney or have one hired for him.  Defendant was also told the name of the charge, the date, address, the elements of the charge, and the name of the victim.  The clerk read the Information to Defendant at the plea hearing and informed him that he had been charged with "domestic violence assault."  This court has previously held that the "relationship aspect of the provision was not intended to

be a required element of the predicate offense." *U.S. v. Thomson*, 134 F. Supp. 2d 1227, 1230 (D. Utah 2001); *see also U.S. v. Belless*, 338 F.3d 1063, 1066 (9th Cir. 2003) (explaining that circuits addressing § 922(g)(9) have held that Congress did not intend "to exclude from the misdemeanors that may trigger [§ 921(a)(33)] those crimes that are in fact committed against persons who have a domestic relationship specified in the statute, even if the triggering crime does not include such a relationship as an element"). Accordingly, the court again finds that Defendant knowingly and intelligently waived his right to counsel as he understood the nature of the charges against him.

    For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [docket #52] is DENIED.

    DATED this 6th day of February, 2005.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge